*United States*
*For The Ninth circuit Court*

550 **FILED**

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RECEIVED
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

JAN 14 2008

1   PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

2   Name _Myers        Darrel        L_
         (Last)          (First)        (Initial)

3   Prisoner Number _J-82192_        _Bldg A-2 137_

4   Institutional Address _Mule Creek State Prison_

5   _PO Box 409020   Ione CA  95640_

6

8   _Darrel Leroy Myers_
    (Enter the full name of plaintiff in this action.)

9                                            CV   **08**   **0758**

10              vs.                  )   Case No. _____
                                     )   (To be provided by the clerk of court)
11   _Rich Subia et al warden_       )
                                     )   **PETITION FOR A WRIT**
12   _Attorney General et al_        )   **OF HABEAS CORPUS**          **TEH**
                                     )
13   _Yolo County Superior court_    )
                                     )
14   _Yolo Count District Attorney_  )   **E-filing**             **(PR)**
    (Enter the full name of respondent(s) or jailor in this action)  )

15   ==================================================

16              Read Comments Carefully Before Filling In

17   When and Where to File

18        You should file in the Northern District if you were convicted and sentenced in one of these

19   counties:  Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20   San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma.  You should also file in

21   this district if you are challenging the manner in which your sentence is being executed, such as loss of

22   good time credits, and you are confined in one of these counties.  Habeas L.R. 2254-3(a).

23        If you are challenging your conviction or sentence and you were not convicted and sentenced in

24   one of the above-named fifteen counties, your petition will likely be transferred to the United States

25   District Court for the district in which the state court that convicted and sentenced you is located.  If

26   you are challenging the execution of your sentence and you are not in prison in one of these counties,

27   your petition will likely be transferred to the district court for the district that includes the institution

28   where you are confined.  Habeas L.R. 2254-3(b).

1  <u>Who to Name as Respondent</u>

2      You must name the person in whose actual custody you are. This usually means the Warden or

3  jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4  you are imprisoned or by whom you were convicted and sentenced. These are not proper

5  respondents.

6      If you are not presently in custody pursuant to the state judgment against which you seek relief

7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8  custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9  was entered.

10 <u>A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE</u>

11     1. What sentence are you challenging in this petition?

12         (a)  Name and location of court that imposed sentence (for example; Alameda

13             County Superior Court, Oakland):

14            <u>Yolo Superior</u>        <u>Yolo County Woodland</u>

15            Court                    Location

16         (b)  Case number, if known  <u>69993</u>

17         (c)  Date and terms of sentence  <u>Oct 6, 1995</u>

18         (d)  Are you now in custody serving this term? (Custody means being in jail, on

19            parole or probation, etc.)      Yes <u>  </u>  No <u>   </u>

20            Where? <u>State Prison</u>

21            Name of Institution: <u>Mule Creek State Prison</u>

22            Address: <u>PO Box 409000 Tone Ca 95640</u>

23     2. For what crime were you given this sentence? (If your petition challenges a sentence for

24 more than one crime, list each crime separately using Penal Code numbers if known. If you are

25 challenging more than one sentence, you should file a different petition for each sentence.)

26 <u>(1) Count 187(a)(2) 211 1212.5(6) (3) 12021 (a)(1)</u>

27 <u>Muder 2nd Degree Burglary ex Felon in possession</u>

28 <u>with a fire arm.</u>

PET. FOR WRIT OF HAB. CORPUS    - 2 -

1    3. Did you have any of the following?

2        Arraignment:                                Yes ✓     No _____

3        Preliminary Hearing:                  Yes ✓     No _____

4        Motion to Suppress:                 Yes _____  No ✓

5    4. How did you plead?

6        Guilty ✓    Not Guilty _____   Nolo Contendere _____

7        Any other plea (specify) _____

8    5. If you went to trial, what kind of trial did you have?

9        Jury _____    Judge alone _____ ✓ Judge alone on a transcript _____

10    6. Did you testify at your trial?                 Yes _____  No ✓

11    7. Did you have an attorney at the following proceedings:

12        (a)   Arraignment                     Yes ✓     No _____

13        (b)   Preliminary hearing          Yes ✓     No _____

14        (c)   Time of plea                  Yes ✓     No _____

15        (d)   Trial                         Yes ✓     No _____

16        (e)   Sentencing                   Yes ✓     No _____

17        (f)   Appeal                     Yes _____  No ✓

18        (g)   Other post-conviction proceeding   Yes _____  No ✓

19    8. Did you appeal your conviction?            Yes _____  No ✓

20        (a)   If you did, to what court(s) did you appeal?

21             Court of Appeal             Yes _____  No ✓

22             Year: _____     Result: _____

23             Supreme Court of California    Yes _____  No ✓

24             Year: _____     Result: _____

25             Any other court             Yes _____  No _____

26             Year: _____     Result: _____

27

28        (b)   If you appealed, were the grounds the same as those that you are raising in this

| | | | | |
|---|---|---|---|---|
| 1 | | | petition? | Yes ___ No___ |
| 2 | | (c) | Was there an opinion? | Yes ___ No___ |
| 3 | | (d) | Did you seek permission to file a late appeal under Rule 31(a)? | |
| 4 | | | | Yes ___ No ___ |

5 If you did, give the name of the court and the result:

6 _Yolo County Superior Court_

7 _untimely denied._

8 9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9 this conviction in any court, state or federal?          Yes ___ No___

10 [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11 challenged the same conviction you are challenging now and if that petition was denied or dismissed

12 with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13 for an order authorizing the district court to consider this petition. You may not file a second or

14 subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15 U.S.C. §§ 2244(b).]

16    (a)    If you sought relief in any proceeding other than an appeal, answer the following

17          questions for each proceeding. Attach extra paper if you need more space.

18          I.    Name of Court: _Third District_

19               Type of Proceeding: _Writ_

20               Grounds raised (Be brief but specific):

21               a. _Ineffective of Counsel_

22               b. _Miranda rights_

23               c. _Bias by Judge and Prejudice_

24               d. _Falsely and unlawful confinement_

25               Result: _N/A Sending to this_ Date of Result: _court._

26          II.   Name of Court: _United State Court of Appeals_

27               Type of Proceeding: _Writ habeas to be granted_

28               Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS        - 4 -

1       a. For being late. Was started back

2       b. In 1996 but did not go any Farther

3       c. want to bring all claims into the

4       d. courts. State and Fed

5       Result: _____ Date of Result: _____

6   III.   Name of Court: _____

7          Type of Proceeding: _____

8          Grounds raised (Be brief but specific):

9          a._____

10         b._____

11         c._____

12         d._____

13         Result: _____ Date of Result: _____

14  IV.    Name of Court: _____

15         Type of Proceeding: _____

16         Grounds raised (Be brief but specific):

17         a._____

18         b._____

19         c._____

20         d._____

21         Result: _____ Date of Result: _____

22  (b)   Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                                              Yes _____    No __/

24        Name and location of court: _____

25  B. GROUNDS FOR RELIEF

26      State briefly every reason that you believe you are being confined unlawfully. Give facts to

27  support each claim. For example, what legal right or privilege were you denied? What happened?

28  Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS          - 5 -

1  need more space. Answer the same questions for each claim.

2      [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5  Claim One: _Ineffective of counsel and counsel failed_

6  _to investigate and failed to let court know of hearing._

7  Supporting Facts: _I told my counsel that I wanted forensic_

8  _and DNA, and Search warrant along with finger prints_

9  _on the weapon Also told him I have a hearing disability_

10  _and could not hear the charges from the judge._

11  Claim Two: _Also he failed to have jury trial. False_

12  _report to the prosecution by co-defendant_

13  Supporting Facts: _Co-defendant made a false report and_

14  _made a false statement knowingly he is the_

15  _one who killed victim and rob him. And gotten_

16  _a deal for 12 yRS on his deal._

17  Claim Three: _Bias and Prejudice on the judge and_

18  _illegally restraint and falsely imprisonment._

19  Supporting Facts: _The judge states there was not enough_

20  _evidence to convict but since there was two_

21  _defendant he will try both. On petitioner not_

22  _enough evidence._

23      If any of these grounds was not previously presented to any other court, state briefly which

24  grounds were not presented and why:

25  _Search and Seizure officer failed to announce_

26  _who they were and failed to announce search warrant_

27  _when they enter they showed my wife who is coherent_

28  _that been proven_

1    List, by name and citation only, any cases that you think are close factually to yours so that they

2  are an example of the error you believe occurred in your case.  Do not discuss the holding or reasoning

3  of these cases:

4  _____

5  _____

6  _____

7  Do you have an attorney for this petition?                         Yes_____      No____

8  If you do, give the name and address of your attorney:

9  _____

10    WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11  this proceeding.  I verify under penalty of perjury that the foregoing is true and correct.

12

13  Executed on __/-/0 -07____                    _____

14                Date                                    Signature of Petitioner

15

16

17

18

19

20  (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS        - 7 -

§ 1413 Witnesses: A writing May be authenticated by anyone who saw the writing made executed, including a subscribing witness Leg B 1965 ch 299 § 1521. Secondary Evidence Admissible as proof of content. When a officer admitts that the audio and video tapes did not work and wrote word for word down there is a dispute on that. (a) The content of a writing may be proved by other evidence otherwise admissible Secondary evidence. The Shall exclude Secondary evidence of the content of writing if the court determines either of the following: (1) A genuine dispute exists Concerning material terms of the writing and justice requires the exclusion. (2) Admission of the secondary evidence would be unfair. (b) Nothing in this section makes admissible oral testimony to prove the content of the writing if the testimony is inadmissible under Section 1523 (oral testimony of the content of the writing). (C) Nothing in this section excuses compliance with Section 1401 (authentication. (d) This section shall be known as "Secondary Evidence Rule" Leg B 1998 ch 100

§ 1523 Admissibility of Oral Evidence: (a) Except as otherwise provided by statute oral testimony is not admissible to prove the content of a writing. (b) Oral testimony of the content of a writing is not made inadmissible by Subdivision (a) if the proponent does not have possession or control of a copy of the writing and the orginal is lost or has been destoryed without fraudent intent on the part of the proponent of the evidence. (C) Oral testimony of the content of a writing is not made inadmissible by Subdivision (a) if the proponent does not have or control of the orginal or a copy of the writing and

either of the following conditions is satisfied. (1) Neither the writing nor a copy of the writing was reasonably procurable by the proponent by uses of the Court's process or other available means. (2) The writing is not closely related to the controlling issues and it would be inexpedient to require its production. (3) Oral testimony of the content of a writing consists of numerous accounts or other writings that cannot be examined in court without great loss of time, and the evidence sought from them is only the general result of the whole. Leg H. 1998 ch 100. § 1231.1 Notice of Intention to offer Statement A statement is admissible pursuant to section 1231 only if the proponent of the statement makes known to the adverse party the intention to offer the statement and particulars of the statement sufficiency in advance of the proceedings to provide the adverse party with a fair opportunity to prepare to meet statement Leg. H. 1997 ch 499. NOTE 1997 Art. 2.5 § 1231-1231.4 as added by Stats 1997 ch 499 shall not effect other Evidentiary hearings requirements, including, but not limited to, Section 351 and 352 of the Evidence Code, shall not impair a party's right to attack the credibility of the declarant pursuant to Section 1202 of the Evidence Code, shall not affect the defendant's right to discovery for purpose of producing rebuttal evidence attacking the declarant's credibility, and shall not be used in a manner inconsistent with the defendant's right due process and to confront witnesses under the United States or California constitution Stats 1997 ch 499 § 2. § 1202 Credibility of Hearsay Declarant Evidence of a statement or other conduct by a declarant that is inconsistent with a

Statement by such declarant recieved in evidence as hearsay evidence is not admissible for the purpose of attacking the credibility of the declarant though he is not given and has not had an opportunity to explain or to deny such inconsistent statement or other conduct Any other evidence offer to attack or support the credibility of the declarant is admissible if it would have been admissible had the declarant been a witness at the hearing. For the purposes of this section, the deponent of a deposition taken in the action in which it is offered shall be deemed to be hearsay declarant. Leg bl. 1965 ch 299 Ref: W Cal. Ev. § 2000 § 772 order of Examination : (a) The examination of a witness or witnesses shall proceed in the following phrases: direct examination, cross-examination redirect examination, recross-examination. (b) Unless for good cause the court otherwise directs each phase of the examination of a witness or witnesses must be concluded before the succeeding phase begins. (c) Subject to subd. (d) a party may, in the discretion of the court, interrupt his cross-examination, redirect examination, or recross-examination of a witness or witnesses in order to examin the witnesses upon the witness or witnesses. (d) If the witness or witnesses is the defendant in a criminal action the witness may not, without his consent be examined under direct examination by another party. Leg bl 1965 ch 299. § 768 Inconsistent Statement or conduct by witness: In examining a witness concerning a statement or other conduct by him that is inconsistent with any part of his testimony at the hearing, it is not necessary to disclose to him

any information Concerning the statement or other conduct Leg b. 1965 ch 299 § 550 Burden of Producing Evidence Ca) The burden of producing evidence as to a particular fact is on the party against whom a finding on that fact would be required in the absence of futher evidence. (b) The burden of producing evidence as to a particular fact is initially on party with the burden of proof is to that fact. Leg H 1965 ch 299 § 500 General Provision: Except as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to claim for relief or defense that he is asserting Leg b. 1965 ch 299 § 110 "Burden of Producing Evidence Defined" Burden of Producing Evidence" mean the obligation of a party to interduce evidence sufficient to avoid a ruling against him on the issue Leg b. 1965 ch 299 § 1539 Transcript of Hearing Discovery of Search Warrant Application Ca) If a special hearing be held in the Superior Court pursuant to Section 1538.5 or if the grounds on which the warrant was issued be converted and a motion to return property be made (i) by a defendant on grounds not covered by Section 1538.5 (ii) by defendant whose property has not been offered or will not as evidence against him, or (iii) by a person who is not a defendant in criminal action at the time of the hearing is held, the judge or magistrate must proceed to take testimony in relation thereto and the testimony of each witness must be reduced to writing and authenticated by a short hand reporter in the manner prescribed in Section 869. Leg b. 1872,1967 ch 1537, 1985 ch 866.

of mandate or prohibition. (b) In consturing the legislature intent of Subdivision (a) no inference shall be drawn from admend ment to Assembly Bill 1052 of the 1989-90 Regular Session of the Legislature which deleted reference to the to the case of People V Superior Court 69 Cal. 2d 291 Leg H. 1989 ch 560 § 297 Analysis of Crime Scene Samples (b)(1) Except as provided in paragraph (2), a biological sample taken in the Course of a criminal investigation, either, voluntarily or by court order, from a person who has not been convicted, may only be compared to samples taken from that specific criminal investigation and may not be compared to any other samples from any other criminal investigation without court order. (2) A biological sample obtained from a suspect, as defined in Paragraph (3), in a criminal investigation [1] may be analyzed for foresnic identification profiles, including DNA profiles so that profile can be placed in a suspect data base file and searched against the DNA data bank profiles of case evidence For the purposes of this Subdivision, the DNA data bank comparisn of suspect and evidence profiles may be made by the D.N.A. Lab of the Dept. of Justice, [2] or any crime lab. designated by Dept of Justice that is accredited by the ASCLD Lab. Leg H. 1998 ch 696,1999 ch 475, 2000 ch 823 § 236 What Constitutes False imprisonment is the unlawful violation of the personal liberty of another. Leg H. 1872 § 237 Punishment. (a) False imprisonment is punishable by a fine not exceeding one thousand dollars ($1,000), or by imprisonment in the county jail for not than one year, or by both that fine and imprisonment. IF the false imprisonment be effected by violence, menace, fraud, or deceit, it shall be punishable by imprisonment

§ 1525 Necessity For Probable Cause: A Search warrant cannot be
issued but upon probable cause, supported by affidavit naming or
describing the person to be searched or search for, and particularly
describing the property, thing, or things and the place to be
searched. The Application shall specify when applicable, that
the place to be searched is in the possession, or under the control
of an attorney, physician, psychotherapist, or clergyman Leg H
1872, 1979 ch 1034, 1996 ch 1078. 1996 Notes: Ca7 the purpose of
the admendment to Section 1525 of the Penal Code is to provide
a mechanism For compliance with Steagald V United States
68 L. E D 2d 38. (b) Nothing in this act shall construed as altering
any of the following. (1) The law relating to the standing of a
person to raise the issue of a unreasonable search or seizure.
(2) The law relating to the status of the person conducting
the search or seizure. (3) The law relating to the burden of
proof regarding the search or seizure. (4) The law relating to
the reasonableness of a search or seizure, regardless of any
warrant that may have been utilized. (5) The admissibility of
evidence as of search or seizure. Stats. 1996 ch 1078 § 8
The Legislature finds and declares that changes made by stats
1996 ch 1078 are declaratory of existing law Stats 1996 ch 1078 § 8.
§ 1511 Review Granting Order Defendant's Motion For Severance
or Discovery Ca7 In addition to petitions for a writ of habeas
of mandate prohibition, or review which the people are
authorized to file pursuant to any other statute or
pursuant to any court decision, the people may also
seek review of an order granting a defendant's motion
For severance or discovery by a petition for a writ

In state prison (b) False imprisonment of an elder or dependant adult by use of violence, menace, fraud, deceit shall be punishable as described in subdivision (F) of Section 368. Leg b. 1872, 1901 p 53, 1976 ch. 1976 ch. 1139 oper July 1, 1977, 1983 ch 1092 eff. Sept. 27, 1983, 1998 ch. 935, 1999 ch 706 eff. oct. 10, 1999. § Taking Testimony - Prosecution: § 865 The witnesses must be examined in the presence of the defendant, and may be cross-examined in his behalf, Leg b 1872 § 1487 Illegal Restraint Warranting Discharge If it appears on the return of the writ that the prisoner is in custody by virtue of process from the court of this state, or judge or officer thereof, such prisoner maybe discharge in any of the following cases, subject to the restrictions of the last Section. 1. when the jurisdiction of such court or officer has been exceeded. (2) when the imprisonment was first lawful, yet by some act, omission, or event which has taken place afterwards, the party has become entitled to a discharge; (3) when the process is defective in some matter of substance required by law, rendering such process void; (4) when the process though proper in form, has been issued in a case not allowed by law; (5) when the person having custody of the prisoner is not the person allowed by law to detain him; (6) where the process is not authorized by any order, judgment, or decree of any court, nor by any provision of law; (7) where a party has been committed on a criminal charge without reasonab or probable cause Leg. b 1872 Credibility of Witnesses and Police officers and co-defendant § 780 Except as otherwise provided by statute, the court or jury may consider in determining the credibility of a witnesses and witness matter that has tendency in reason to prove or disaprove the truthfulness of his or her testimony at the hearing including but not

limited to the following: (a) his or her demeanor while testifying and the manner in which he or she testifies (b) The character of his or her testimony (c) The extent of his or capacity to percieve to recollect, or to communicate any matter about which he or she testifies. (d) The extent of his opportunity to percieve any matter about which he and her testifies (e) The existence or nonexistence of a bias, interest, or other motive (g) A statement previously made by him or her that is consistent with his or her testimony at the hearing. (h) A statement made by testimony at the hearing. (i) The existence or non existence of any fact testified to by him or her (j) His or her attidude toward the action in which he or she testifies or toward the giving of testimony (k) his or her admission of truthfulness Leg & 1965 ch 299. § 110& Making False Statements in connection with reports or Records; Penalty. (a) It is unlawful for any person to knowingly make a false statement in connection with any report or record required under this Article (b)(1) Any person who violates this Section shall be punish by imprisonment in State prison, or by imprisonment in the county jail not exceeding one year or by a fine not exceeding five thousand dollars ($5,000) or by both such fine and imprisonment as it happen in this case when co-defendant made a false statement and the prosecution knowing it. (2) Any person who has been previously convicted of violating this Section and who subsequently violates this Section shall be punished by imprisonment in the state prison for two, three, or four years

the person engaged in the information is an agency employee
engaged in the performance of the duties described
in this subdivision. (d) Every person who makes a report
to a grand jury that a felony or misdemeanor has been
committed, knowing the report to be false, is guilty of a
misdemeanor. This subdivision shall not construed as prohibiting
or precluding a charge of perjury or contempt for any report
made under oath in a investigation or proceeding before a
grand jury. (e) This section does not apply to reports made
by persons who are required by statute to report known or
suspected instances of child abuse dependant adult abuse
or elder abuse Leg d. 1957 Ch 813, 1984 ch 824, 1986 Ch 740
1987 Ch 744, 1989 Ch 1165, 1990 chs 675, 1700, 1998 ch 760
Resversal should be granted on insufficient evidence also
the Sentencing the court and Prosecution was illegally since
they use a prior sentence on conviction and no foresnic and
D N.A. was never brought into court just what the co-defendant
Stating to the prosecution. The Cunningham sentencing
law Bill of Right does go with this case. The reason
why because the court use a prior conviction. Fundamental
Rights Guilty Plea was unconstitutional because petitioner
was told to take the plea as part of a plea bargain
agreement that was unvolunatarily done. Marvel V
United States 380 U.S. 262, 85 S ct 953, 13 L. ED 2d 960
(1965) And my lawyer did not represent me effectively
at trial and did not bring in evidence that was
favorable to my case. Defective of counsel is
a ground for habeas relief only if counsel

was constitutionally required and he was since
he never brought in ballistickevidence. Therefore,
the defective representation must have been at the
trial or in direct appeal because there is no constitution
al right to counsel in state post-conviction proceedings-
Coleman V Thompson 501 US 722, 754, 111 S ct 2546,
2567, 115 L. ED 2d 640 (1991) (citing Murray V Carrier
477 US. 478, 488, 106 S ct 2639, 91 L. ED 2d 397 (1986).
He was denied his 5th and 6th Amendments rights to counsel
because he had counsel and did nothing, and not knowing
Waive his right to Counsel during interrogation or discussion
with police officers. Miranda V Arizona 384 US 436, 86 S ct
1602, 16 L. ED 694 (1966) The jury instructions were unconstit-
utional because they did not tell the jury that the prosecution
must prove all crucial elements of guilt beyond a reasonable
doubt. See Reed V Ross 468 U.S 1, 35, 104 S ct 2901, 2903 82 L. ED
2d 1 (1984); Patterson V New York 432 U.S. 197, 215, 97 S.ct 2319, 2329
53 L. ED 2d 281 (1977); O'Neal V McAninch 115 S ct 992, 130 L.ED
2d 947 (1995). In O'Neal, the circuit court had used the
Supreme Court standard for jury instructions in away
that violates the Constitution "Estelle V McGuire 502 US.
62, 73 n 4, 112 S ct 475, 482 n 4 116 L. ED 2d 385 (1991)
The circuit court decided that the prosecution did not
need to prove intent. that the jury instructions along
with the prosecutor's remarks may have suggested
that the prosecution didn't need to prove intent
This suggestion would violate the 5th Amendment
due process clause be cause it would lighten

or by a fine not exceeding one hundred thousand dollars ($100,000) or both by such fine and imprisonment Leg B 1978 ch 699, 1979 ch 884, 1982 ch 1279. § 148.5 Falsely Reporting Crime when co-defendant falsely reported to the Prosecutor. (a) Every person who reports to any peace officer or Prosecuter listed in Section 830.1 or 830.2, or subdivison (a) of Section 830.33 district attorney, or deputy district attorney that a felony or misdemeanor has been committed, knowing the report to be false, is guilty of a misdemeanor. (b) Every person who reports to any other peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2 that a felony or misdemeanor has been committed, knowing the report to be false, is guilty of a misdemeanor if (1) the false information is given while the peace officer is engaged in the performance of his or her duties as a peace officer and (2) the person providing the false information knows or should have known that the person receiving the information is a peace officer. (C) Except as provided in Subdivision (a) and (b) every person who reports to any employee who is assigned to accept reports from citizens, either directly or by telephone reports and is employed by a state or local agency which is designated in Section 830.31, 830.32, 830.33 830.34, 830.35, 830.36, 830.37 or 830.4 that a felony or misdemeanor has been committed knowing the report to be false, is guilty of a misdemeanor if (1) the false information is given while the employee is engaged in the performance of his or her duties as an agency employee and (2) the person providing the false information knows or should have known that

the prosecution's burden of proof, The Sixth cir. denied habeas relief however, because it was in "grave doubt" as to whether the improper suggestion met the standard of "Substantial and injurious effect" establish by Brecht v Abramson, 507 U.S. 619, 113 S ct 1710, 123 L. ED 2d 353 (1993) (courts must find substantial injury from the constitutional violations before granting habeas relief) The Supreme Court reversed the cir. court and remanded for grant habeas relief. The court held that when fed judge in a habeas proceeding is in "grave doubt" about whether trial error of federal Constitutional law had the "Substantial and injurious effect" required by Brecht the court should grant habeas petition (for more explanation of Brecht, and O'neal read Part B-2 (C) below Strickland V Washington 466 U.S. 688, 104 S ct 2052, 80 L. E D. 2d 674 (1984) Brecht's "Substantial and injuries effect standard requires him to show error was harmful that it would probably change the outcome when a judge stated there was not enough to hold the petitioner, 507 U.S at ——, 113 S ct at 1716 Brecht, 507 US at 627, 113 S Ct at 1716 Before Brecht, the standard for harmless error in habeas petition required that errors be harmless beyond a reasonable doubt" See Arizona V Fulminante 499 U S 279, 111 S ct 1246, 113 L. ED 2d 302 (1991) The old "beyond a reasonable doubt" standard was slightly easier to overcome because he only had to show harmless error that was harmful. In Agee v White 809 F2d 1487 (11th Cir) (1987) the petitioner sought habeas relief from a murder conviction. The police had brought him to

the Station twice, first under illegal arrest, and then a week later voluntarily. In the Second visit, the petitioner made incriminating Statements that were admitted as evidence. At his trial and on appeal, the petitioner argued that the information given in the second interrogation was "tainted" that is made illegal, by the illegal arrest in the first interrogation. The habeas court found that the petitioner had not had a "fair and full opportunity" to present the illegal evidence claim because the appellate court ignored his argument. Id at 1490 (When the habeas court considered the petitioner argument however, the court decided that the second interrogation was not illegal because it occured a week after the first illegal arrest and was itself voluntary.). In Riley V Gray 674 F 2d 522 (6th Cir 1982) cert denied sub nom, Shoemaker V Riley 459 US. 948, 103 S ct 266, 74 L. ED 2d 207 (1982) the petitioner raised illegally seized evidence claim on appeal. In this case evidence had been taken under a warrant which was based on other evidence obtained from a warrantless Search. The appellate court affirmed the conviction on the basis of a procedural rule without considering the facts of illegal evidence claim. The Sixth cir granted habeas relief based on the same claim because the petitioner was not allowed to fully present his claim because of an "unforeseeable application of procedural Rule." Id at 527 Miranda V Arizona 384 US. 436, 86 S ct 1602, 16 L. ED 2d 694 (1967). The new bill affecting habeas rights, S 735 would change the exhaustion requirements if it becomes law. The bill says that a Federal court can deny your petition on merits even if you

haven't exhausted state court remedies. Also a fed.court
cannot assume that the state court has waived its
exhaustion requirement unless the court expressly says so.
This means that the federal court can deny your claim
without sending you back to state court, where you might
have better luck. But the fed. court cannot grant your
claim unless the state court has expressly waived its
right to hear your claim first. Id§ 704 Daye 696 F 2d at
194 Brady V Maryland 373 US 83, 83 S ct 1194, 10 L. E D 2d
215 C/963)Cprosecutors must reveal evidence to defense if
there is a reasonable probability that the result of the
trial would be different if the evidence is known? Should
be granted that the petitioner did not know his
attorney failed to Appeal and never told to do habeas.
So now the petitioner is doing a writ for relief and
should be granted that co-defendant made the false
statement to prosecutors and knowingly he was lying
just to get a lighter sentence. Coleman 501 us at 749, 111
S ct at 2564; Reed V Ross 468 U.S. 1, 11, 104 S ct 2901, 2908
82 L.E D 2d 1 C/984) Engle V Isaac, 456 us 107, 129, 102
S Ct 1558, 1572-73, 71 L. E D 2 783 (1982); Wainwright V
Sykes 433 U.S. 72, 87, 97 S ct 2497, 2506, 53 L. E D 594
C/977). Claims that there are important facts which
were not fully developed in trial court if petitioner
failed the facts of neglect claims rely on evidence which
could have been reasonable available 456 us 152
102 S ct 1584, 71 L E D 2d 816 (1982) Frady 456
at 170. 102 S ct at 1596 (emphasis omitted).

Keeny V Tamayo - Reyes 504 US. 1, 6, 112 S ct 1715, 1718, 118
L. E D 2d 318 (1982) This has made a burden on petitioners
heavier than previous rule, which required an evidentiary
hearing for undeveloped material facts unless the
defendant had deliberately by passed the state procedure
Townsand V Sdain 372 US. 293, 313 8 S ct 745, 757, 9 L.E.D
2d 770 (1963)- Under the decision in Townsend V Sain
372 US 293, 83 S ct 745, 9 L.E.D 2d 770 (1963) the court
must grant a hearing if (1) merits of the factual dispute
were not resolved in the state trial or hearing (2) the
state factual determination was not fairly supported
in the record as a whole (3) the state fact finding
procedures did not provide you a full and fair trial hearing
(4) there is substantial allegation of newly discovered
evidence; (5) material facts were not adequately developed
at the state court hearing and (6) for any reason it
appears that the state t tier of fact did not afford
you a full and fair hearing. Townsend 372 US at 313, 83
S ct at 757. A Full and fair hearing means you had a
chance to present evidence, to cross-examine witness, to
hear the evidence against him and to contradict that
evidence if he can, and that he did all these things before
im partial judge. (Black's Law Dictionary 6th ed. (1991))
In a important recent decision Keeney V Tamayo-Reyes
504 U S 1, 112 S ct 1715 118 L. E D 2d 318 (1992), the Supreme
court change the law concerning when he can get
a hearing on the ground that material facts about this
claim were not developed at a state court post-conviction

hearing. Formerly, he was entitled to a hearing on grounds provided he and his attorney did not "deliberately by pass" the opportunity to develope the facts in state court. Now petitioner must show "Cause" (and "prejudice") for why he did not develope facts in state court. "Cause and prejudice" have the same meanings in this context as they do in the procedural default area described in Section B-3(C) with on important difference: "Cause" does not include constitutionally assistance of counsel in State post-conviction hearing. See also Coleman V Thompson 501 US 722 111 S Ct 2546-2566, 115 L. ED 2d 640 (1991) Towsend 372 US at 312, 83 S. Ct at 757. Id In a hearing the federal court must presume that the facts found by state court are correct, except in the circumstances specified in 28 U.S. C. § 2554 (d). To overcome this presumption he must show by "convincing evidence" that the State Court's fact finding was wrong. Id The circumstance under which a federal court will not presume the court is correct are as follows: (1) the State court hearing did not resolve the merits of the factual disputs which means that the State court decided the case based on some procedural rule rather than deciding which party was right about the facts.(2) the State fact-finding procedure did not afford him "a full and fair hearing," which means that either he weren't allowed to present evidence or cross-examine witnesses, or hear the arguments against him or that the judge or jury was not impartial. (3) the State court did not adequately develope material facts which means

the state court didn't hear all the facts that were necessary to decide the case; (4) the State court lacked jurisdiction of subject matter of person, which means it wasn't the right court for his claim (however this rarely occurs in a habeas petitions regarding criminal convictions). (5) he is indigent and the State court failed to appoint counsel; (6) he didnot receive a full, fair, and adequate hearing in the State court proceeding. (7) he was denied due process of the state court proceeding (8) the Federal court on consideration of the whole record decide that the record did not support the state factual finding 28 U.S.C.A.§ 2254 (d) (West 1994) Once the court decide in the petitioner favor it may order release a new trial or resentencing. IF the district court judge grants his request for certificate of probable cause the district court will send a notice of appeal the record of the district court proceedings and the certificate of the district court will send to Circuit court of Appeals. Hill v United States 368 US 424, 427, 82 S Ct 468, 470, 7 L. ED 2d 417 (1962) Hill 368 US at 426-27, 82 S. Ct at 470 See also 28 USC §2255 (West 1994) Part B-1(a) above, provides a list of some possible Constitutional violations that may raise in § 2255 motion as well as in a habeas corpus petition under 28 USC § 2254. Rule 184 Disciplinary Proceedings against Attorneys' (a) Discipline. In the event any attorney subject to those and these Rules engages in conduct which may warrant discipline or other Sanctions, any Judge or Magistrate Judge may initate proceedings for contempt under 18 USC § 401

or Fed R Crim P 42 or may, after reasonable notice and opportunity to show cause to the contary, take any other appropriate disciplinary action against the attorney. In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any court before which the attorney has been admitted to practice. (b) Status Suspension or Disbarment. When it appears to the Court that any member of its Bar or any attorney or disbarred from practice or convicted of a felony in any other court or has resigned from the Bar of any other court while warrant, investigation or proceedings for Suspension or disbarment were pending, or has been guilty of conduct unbecoming a member of the Bar of the Court, or has violated the Rules of Professional Conduct of the State Bar of California will be subject to suspension or disbarment by this court. Upon notice mailed to the attorney's last known address the attorney shall be offered an opportunity to show cause with thirty (30) days why the attorney should not be suspended or disbarred from practice in this court. Upon response to the order to Show cause, and after hearing if requested, or upon expiration of the thirty (30) days, if no reponse is made the Court shall enter an appropriate order See LR 136. The defendant would have obtain a more favorable result had the instruction be given (Cal Const Art. VI§ 13; People v Watson (1956) 46 Cal. 2d 818, 836 ). (See People V Baine (1971) 5 Cal. 3d 839, 852; People v Babbit (1988) 45 Cal. 3d 669, 689; In re Martin (1987) 44 Cal. 3d 1, 51; People v Wagner (1975) 13 Cal. 3d 612, 621). Reversal is

Darrel Myers J-82492
MCSP A-2 137
RO Box 409020
Ione CA 95640

O

United S
For The
P O Box 19
San Fran



UNITED STATES POSTAGE

PITNEY BOWES

$ 01.65⁰

02 1M
0004214248          JAN 11 2008
MAILED FROM ZIP CODE 95640

*ffice of The Clerk

*tates Court of Appeals

*ninth Circuit 95 Seventh Street

*938

*sco CA 94119-3939

Legal Mail



049.B2022823

$01.65⁰

01/25/2008

Mailed From 94103
US POSTAGE

RECEIVED

JAN 2 8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ICE OF THE CLERK
DISTRICT COURT
THERN CALIFORNIA
36060, U.S. COURTHOUSE
GOLDEN GATE AVENUE
FRANCISCO, CA 94102

CLERK, U.S. COURT OF APPEALS
FOR THE NINTH CIRCUIT
95 SEVENTH STREET
P.O. BOX 193939
SAN FRANCISCO, CA  94119-3939

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300