*United States*
*For The Ninth circuit Court*
550 **FILED**

**PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY** 1 2008

Name  *Myers        Darrel        L*
     (Last)        (First)        (Initial)

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Prisoner Number  *J-82192*        *Bldg A-2 137*

**RECEIVED**
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

Institutional Address  *Mule Creek State Prison*

*PO Box 409020   Ione CA 95640*        **JAN 1 4 2008**

UNITED STATES DISTRICT COURT FILED_____
NORTHERN DISTRICT OF CALIFORNIA DOCKETED_____
                                        DATE        INITIAL

*Darrel Leroy Myers*
(Enter the full name of plaintiff in this action.)

**CV 08** · **0758**

Case No. _____
(To be provided by the clerk of court)

vs.

*Rich Subia et al warden*

*Attorney General et al*

**PETITION FOR A WRIT
OF HABEAS CORPUS**        **TEH**

*Yolo County Superior court*

*Yolo Count District Attorney*
(Enter the full name of respondent(s) or jailor in this action)

**E-filing**        **(PR)**

==========================================================

Read Comments Carefully Before Filling In

When and Where to File

        You should file in the Northern District if you were convicted and sentenced in one of these

counties:  Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma.  You should also file in

this district if you are challenging the manner in which your sentence is being executed, such as loss of

good time credits, and you are confined in one of these counties.  Habeas L.R. 2254-3(a).

        If you are challenging your conviction or sentence and you were not convicted and sentenced in

one of the above-named fifteen counties, your petition will likely be transferred to the United States

District Court for the district in which the state court that convicted and sentenced you is located.  If

you are challenging the execution of your sentence and you are not in prison in one of these counties,

your petition will likely be transferred to the district court for the district that includes the institution

where you are confined.  Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS        - 1 -

1  Who to Name as Respondent

2       You must name the person in whose actual custody you are.  This usually means the Warden or

3  jailor.  Do not name the State of California, a city, a county or the superior court of the county in which

4  you are imprisoned or by whom you were convicted and sentenced.  These are not proper

5  respondents.

6       If you are not presently in custody pursuant to the state judgment against which you seek relief

7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8  custody you are now and the Attorney General of the state in which the judgment you seek to attack

9  was entered.

10  A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11       1. What sentence are you challenging in this petition?

12            (a)   Name and location of court that imposed sentence (for example; Alameda

13                  County Superior Court, Oakland):

14            _Yolo Superior_            _Yolo County Woodland_

15                  Court                        Location

16            (b)   Case number, if known _6 9 9 9 3_

17            (c)   Date and terms of sentence _Oct 6, 1995_

18            (d)   Are you now in custody serving this term?  (Custody means being in jail, on

19                  parole or probation, etc.)          Yes _✓_   No _____

20                  Where? _State Prison_

21                  Name of Institution: _Mule Creek State Prison_

22                  Address: _PO Box 409000 Ione Ca 95640_

23       2. For what crime were you given this sentence?  (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known.  If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26  _(1) Count 187(a)(2) 211 12 12.5 (b) (3) 12021 (a)(1)_

27  _Muder 2nd Degree Burglary er Felon in possession_

28  _with a fire arm_

3. Did you have any of the following?

Arraignment:                                    Yes __✓__    No ____

Preliminary Hearing:                            Yes __✓__    No ____

Motion to Suppress:                             Yes ____     No __✓__

4. How did you plead?

Guilty __✓__   Not Guilty _____   Nolo Contendere _____

Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

Jury _____    Judge alone _____ ✓ Judge alone on a transcript _____

6. Did you testify at your trial?                Yes ____     No __✓__

7. Did you have an attorney at the following proceedings:

   (a)   Arraignment                     Yes __✓__    No ____

   (b)   Preliminary hearing              Yes __✓__    No ____

   (c)   Time of plea                     Yes __✓__    No ____

   (d)   Trial                            Yes __✓__    No ____

   (e)   Sentencing                       Yes __✓__    No ____

   (f)   Appeal                           Yes ____     No __✓__

   (g)   Other post-conviction proceeding  Yes ____    No __✓__

8. Did you appeal your conviction?               Yes ____     No __✓__

   (a)   If you did, to what court(s) did you appeal?

Court of Appeal                                 Yes ____     No __✓__

Year: _____    Result: _____

Supreme Court of California          Yes ____    No __✓__

Year: _____    Result: _____

Any other court                      Yes ____    No ____

Year: _____    Result: _____

   (b)   If you appealed, were the grounds the same as those that you are raising in this

1        petition?                                              Yes ✓      No____

2        (c)    Was there an opinion?                          Yes ✓      No____

3        (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                                                               Yes ____   No ✓

5               If you did, give the name of the court and the result:

6               _Yolo County Superior Court_

7               _untimely denied._

8   9.  Other than appeals, have you previously filed any petitions, applications or motions with respect to

9   this conviction in any court, state or federal?                Yes ✓      No____

10        [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11   challenged the same conviction you are challenging now and if that petition was denied or dismissed

12   with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13   for an order authorizing the district court to consider this petition. You may not file a second or

14   subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15   U.S.C. §§ 2244(b).]

16        (a)    If you sought relief in any proceeding other than an appeal, answer the following

17               questions for each proceeding. Attach extra paper if you need more space.

18               I.    Name of Court: _Third District_

19                     Type of Proceeding: _Writ_

20                     Grounds raised (Be brief but specific):

21                     a. _Ineffective of Counsel_

22                     b. _Miranda rights_

23                     c. _Bias by Judge and Prejudice_

24                     d. _Falsely and unlawful confinement_

25                     Result: _N/A Sending to this_ Date of Result: _court._

26               II.   Name of Court: _United State Court of Appeals_

27                     Type of Proceeding: _Writ habeas to be granted_

28                     Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS        - 4 -

1    a. _For being late. Was started back_

2    b. _In 1996 but did not go any farther_

3    c. _want to bring all claims into the_

4    d. _courts. State and Fed_

5    Result: _____ Date of Result: _____

6    III.    Name of Court: _____

7            Type of Proceeding: _____

8            Grounds raised (Be brief but specific):

9                a. _____

10               b. _____

11               c. _____

12               d. _____

13            Result: _____ Date of Result: _____

14   IV.     Name of Court: _____

15            Type of Proceeding: _____

16            Grounds raised (Be brief but specific):

17               a. _____

18               b. _____

19               c. _____

20               d. _____

21            Result: _____ Date of Result: _____

22   (b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                                                     Yes _____    No ____

24            Name and location of court: _____

25   B. GROUNDS FOR RELIEF

26   State briefly every reason that you believe you are being confined unlawfully. Give facts to

27   support each claim. For example, what legal right or privilege were you denied? What happened?

28   Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS        - 5 -

1  need more space.  Answer the same questions for each claim.

2      [Note:  You must present ALL your claims in your first federal habeas petition.  Subsequent

3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5  Claim One: _Inneffective of counsel and counsel failed_

6  _to investigate and failed to let court know of hearing._

7  Supporting Facts: _I told my counsel that I wanted foresnic_

8  _and DNA, and Search warrant along with finger prints_

9  _on the weapon Also told him I have a hearing disability_

10  _and could not hear the charges from the judge._

11  Claim Two: _Also he failed to have jury trial. False_

12  _report to the prosecution by co-defendant_

13  Supporting Facts: _Co-defendant made a false report and_

14  _made a false statement knowingly he is the_

15  _one who killed victim and rob him. And gotten_

16  _a deal for 12 yrs on his deal._

17  Claim Three: _Bias and Prejudice on the judge and_

18  _illegally restraint and falsely imprisonment._

19  Supporting Facts: _The judge states there was not enough_

20  _evidence to convict but since there was two_

21  _defendant he will try both. On petitioner not_

22  _enough evidence._

23      If any of these grounds was not previously presented to any other court, state briefly which

24  grounds were not presented and why:

25  _Search and Seizure officer failed to announce_

26  _who they were and failed to announce search warrant_

27  _when they enter they showed my wife who is coherent_

28  _that been proven_

PET. FOR WRIT OF HAB. CORPUS        - 6 -

1      List, by name and citation only, any cases that you think are close factually to yours so that they

2    are an example of the error you believe occurred in your case.  Do not discuss the holding or reasoning

3    of these cases:

4    _____

5    _____

6    _____

7    Do you have an attorney for this petition?                              Yes_____      No_____

8    If you do, give the name and address of your attorney:

9    _____

10     WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11    this proceeding.  I verify under penalty of perjury that the foregoing is true and correct.

12

13    Executed on ___/-/0 -07_____                    _Daniel Mynao_____

14              Date                                           Signature of Petitioner

15

16

17

18

19

20    (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS          - 7 -

§ 1413 Witnesses: A writing May be authenticated by anyone who saw the writing made executed, including a subscribing witness Leg ＄ 1965 ch 299 § 1521. Secondary Evidence Admissible as proof of content. When a officer admitts that the audio and video tapes did not work and wrote word for word down there is a dispute on that. (a) The content of a writing may be proued by other evidence otherwise admissible Secondary evidence. The Shall exclude Secondary evidence of the content of writing if the court determines either of the following: (1) A genuine dispute exists Concerning material terms of the writing and justice requires the exclusion. (2) Admission of the secondary evidence would be unfair. (b) Nothing in this section makes admissible oral testimony to prove the content of the writing if the testimony is inadmissible under Section 1523 (oral testimony of the content of the writing). (C) Nothing in this section excuses compliance with Section 1401 (authentication. (d) This section shall be known as "Secondary Evidence Rule." Leg ＄ 1998 ch 100

§ 1523 Admissibility of Oral Evidence: (a) Except as otherwise provided by statute oral testimony is not admissible to prove the content of a writing. (b) Oral testimony of the content of a writing is not made inadmissible by subdivision (a) if the proponent does not have possession or control of a copy of the writing and the orginal is lost or has been destoryed without fraudent intent on the part of the proponent of the evidence. (C) Oral testimony of the content of a writing is not made inadmissible by subdivision (a) if the proponent does not have or control of the orginal or a copy of the writing and

either of the following conditions is satisfied. (1) Neither the writing nor a copy of the writing was reasonably procurable by the proponent by uses of the Court's process or other available means. (2) The writing is not closely related to the controlling issues and it would be inexpedient to require its production. (d) Oral testimony of the content of a writing consits of numerous accounts or other writings that cannot be examined in court without great loss of time, and the evidence sought from them is only the general result of the whole. Leg H. 1998 ch 100. § 1231.1 Notice of Intention to offer Statement A statement is admissible pursuant to section 1231 only if the proponent of the statement makes known to the adverse party the intention to offer the statement and particulars of the statement sufficiency in advance of the proceedings to provide the adverse party with a fair opportunity to prepare to meet statement Leg. H 1997 ch 499. NOTE 1997 Art. 2.5 § 1231-1231.4 as added by Stats 1997 ch 499 shall not effect other Evidentiary hearings requirements, including, but not limited to, Section 351 and 352 of the Evidence Code, shall not impair a party's right to attack the credibility of the declarant pursuant to Section 1202 of the Evidence Code, shall not affect the defendant's right to discovery for purpose of producing rebuttal evidence attacking the declarant's credibility, and shall not be used in a manner inconsistent with the defendant's right due process and to confront witnesses under the United States or California Constitution Stats 1997 ch 499 § 2.
§ 1202 Credibility of hearsay declarant Evidence of a statement or other conduct by a declarant that is inconsistent with a

Statement by such declarant recieved in evidence as hearsay evidence is not admissible for the purpose of attacking the credibility of the declarant though he is not given and has not had an opportunity to explain or to deny such inconsistent statement or other conduct Any other evidence offer to attack or support the credibility of the declarant is admissible if it would have been admissible had the declarant been a witness at the hearing. For the purposes of this section, the deponent of a deposition taken in the action in which it is offered shall be deemed to be hearsay declarant. Leg N. 1965 ch 299 Ref. W Cal. Ev.§ 2000 § 772 order of Examination:(a) The examination of a witness or witnesses shall proceed in the following phrases: direct examination, cross-examination, redirect examination, recross-examination. (b) Unless for good cause the court otherwise directs each phase of the examination of a witness or witnesses must be concluded before the succeeding phase begins. (c) Subject to Subd. (d) a party may, in the discretion of the court, interupt his cross-examination, redirect examination, or recross-examination of a witness or witnesses in order to examin the witnesses upon the witness or witnesses. (d) If the witness or witnesses is the defendant in a criminal action the witness may not, without his consent be examined under direct examination by another party. Leg & 1965 ch 299. § 768 Inconsistent Statement or conduct by witness: In examining a witness concerning a statement or other conduct by him that is inconsistent with any part of his testimony at the hearing, it is not necessary to disclose to him

any information concerning the statement or other conduct Leg H. 1965 ch 299 § 550 Burden of Producing Evidence (a) The burden of producing evidence as to a particular fact is on the party against whom a finding on that fact would be required in the absence of further evidence. (b) The burden of producing evidence as to a particular fact is initially on party with the burden of proof is to that fact. Leg H 1965 ch 299 § 500 General Provision: Except as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to claim for relief or defense that he is asserting Leg H. 1965 ch 299 § 110 "Burden of Producing Evidence Defined" Burden of Producing Evidence" mean the obligation of a party to interduce evidence sufficient to avoid a ruling against him on the issue Leg H. 1965 ch 299 § 1539 Transcript of Hearing Discovery of Search Warrant Application (a) If a special hearing be held in the Superior court pursuant to Section 1538.5 or if the grounds on which the warrant was issued be converted and a motion to return property be made (i) by a defendant on grounds not covered by Section 1538.5 (ii) by defendant whose property has not been offered or will not as evidence against him, or (iii) by a person who is not a defendant in criminal action at the time of the hearing is held, the judge or magistrate must proceed to take testimony in relation thereto and the testimony of each witness must be reduced to writing and authenticated by a short hand reporter in the manner prescribed in Section 869. Leg H. 1872,1967 ch 1537, 1985 ch 866.

of mandate or prohibition. (b) In construing the legislature
intent of Subdivision (a) no inference shall be drawn from admendment
to Assembly Bill 1052 of the 1989-90 Regular Session of the Legislature
which deleted reference to the to the case of People v Superior
Court 69 Cal. 2d 291 Leg h. 1989 ch 560 § 297 Analysis of Crime
Scene Samples (b)(1) Except as provided in paragraph (2), a
biological sample taken in the course of a criminal investigation,
either, voluntarily or by court order, from a person who has
not been convicted, may only be compared to samples taken
from that specific criminal investigation and may not be
compared to any other samples from any other criminal invest-
igation without court order. (2) A biological sample obtained
from a suspect, as defined in Paragraph (3), in a criminal
investigation [1] may be analyzed for foresnic identification
profiles, including DNA profiles so that profile can be placed
in a suspect data base file and searched against the DNA
data bank profiles of case evidence. For the purposes of this
Subdivision, the DNA data bank comparison of suspect and
evidence profiles may be made by the D.N.A. Lab. of the Dept. of
Justice, [2] or any crime lab. designated by Dept of Justice
that is accredited by the ASCLD-Lab. Leg h. 1998 ch 696,1999
ch 475, 2000 ch 823 § 236. What Constitutes. False imprisonment
is the unlawful violation of the personal liberty of another. Leg h. 1872
§ 237 Punishment. (a) False imprisonment is punishable by a
fine not exceeding one thousand dollars ($1,000), or by imprisonment
in the county jail for not. than one year, or by both that fine and
imprisonment. If the false imprisonment be effected by violence,
menace, fraud, or deceit, it shall be punishable by imprisonment

§ 1525 Necessity for Probable Cause: A search warrant cannot be issued but upon probable cause, supported by affidavit naming or describing the person to be searched or search for, and particularly describing the property, thing, or things and the place to be searched. The Application shall specify when applicable, that the place to be searched is in the possession, or under the control of an attorney, physician, psychotherapist, or clergyman Leg N 1872, 1979 ch 1034, 1996 ch 1078. 1996 Notes: Ca7 the purpose of the admendment to section 1525 of the Penal code is to provide a mechanism for compliance with Steagald V United States 68 L. ED 2d 38. (b) Nothing in this act shall construed as altering any of the following. (1) The law relating to the standing of a person to raise the issue of a unreasonable search or seizure. (2) The law relating to the status of the person conducting the search or seizure. (3) The law relating to the burden of proof regarding the search or seizure. C47 The law relating to the reasonableness of a search or seizure, regardless of any warrant that may have been utilized. (5) The admissibility of evidence as of search or seizure. Stats. 1996 ch 1078 § 8 The Legislature finds and declares that changes made by stats 1996 ch 1078 are declaratory of existing law Stats 1996 ch 1078 § 8.

§ 1511 Review Granting Order Defendant's Motion for Severance or Discovery Ca7 In addition to petitions for a writ of habeas of mandate prohibition, or review which the people are authorized to file pursuant to any other statute or pursuant to any court decision, the people may also seek review of an order granting a defendant's motion for severance or discovery by a petition for a writ

In State prison (b) False imprisonment of an elder or dependant adult by use of violence, menace, fraud, deceit shall be punishable as described in Subdivision (F) of Section 368. Leg b. 1872, 1901 p 53, 1976 ch. 1976 ch. 1139 oper July 1, 1977, 1983 ch 1092 eff. Sept. 27, 1983, 1998 ch. 935, 1999 ch 706 eff. oct. 10, 1999. § Taking Testimony - Prosecution: § 865 The witnesses must be examined in the presence of the defendant, and may be cross-examined in his behalf, Leg b 1872 § 1487 Illegal Restraint Warranting Discharge If it appears on the return of the writ that the prisoner is in custody by virtue of process from the court of this state, or judge or officer thereof, such prisoner maybe discharge in any of the following cases, Subject to the restrictions of the last Section. 1. When the jurisdiction of such court or officer has been exceeded. (2) When the imprisonment was first law ful, yet by some act, omission, or event which has taken place afterwards, the party has become entitled to a discharge; (3) When the process is defective in some matter of substance required by law, rendering such Process void; (4) When the process though proper in form, has been issued in a case not allowed by law; (5) When the person having custody of the prisoner is not the person allowed by law to detain him; (6) Where the process is not authorized by any order, judgment, or decree of any court, nor by any provision of law; (7) Where a party has been committed on a criminal charge without reasonab or probable cause Leg. b 1872. Credibility of witnesses and Police officers and Co-defendant. § 780 Except as otherwise provided by statute, the court or jury may consider in determining the credibility of a witnesses and witness matter that has tendency in reason to prove or disaprove the truthfulness of his or her testimony at the hearing including but not

limited to the following: (a) his or her demeanor while testifying and the manner in which he or she testifies (b) The character of his or her testimony (c) The extent of his or capacity to percieve to recollect, or to communicate any matter about which he or she testifies. (d) The extent of his opportunity to percieve any matter about which he and her testifies (e) The existence or nonexistence of a bias, interest, or other motive (g) A statement previously made by him or her that is consistent with his or her testimony at the hearing. (h) A statement made by testimony at the hearing. (i) The existence or non existence of any fact testified to by him or her (j) His or her attidude toward the action in which he or she testifies or toward the giving of testimony (K) his or her admission of truthfulness Leg # 1965 ch 299. § 1110.5 Making False Statements in connection with reports or Records; Penalty. (a) It is unlawful for any person to knowingly make a false statement in connection with any report or record required under this Article (b)(1) Any person who violates this Section shall be punish by imprisonment in State prison, or by imprisonment in the county jail not exceeding one year or by a fine not exceeding five thousand dollars ($5,000) or by both such fine and imprisonment as it happen in this case when co-defendant made a false statement and the prosecution knowing it. (2) Any person who has been previously convicted of violating this Section and who subsequently violates this Section shall be punished by imprisonment in the state prison for two, three, or four years

the person engaged in the information is an agency employee
engaged in the performance of the duties described
in this subdivision. (d) Every person who makes a report
to a grand jury that a felony or misdemeanor has been
committed, knowing the report to be false, is guilty of a
misdemeanor. This subdivision shall not construed as prohibiting
or precluding a charge of perjury or contempt for any report
made under oath in a investigation or proceeding before a
grand jury. (C) This section does not apply to reports made
by persons who are required by statute to report known or
suspected instances of child abuse dependant adult abuse
or elder abuse Leg d. 1957 Ch 813, 1984 ch 824, 1986 Ch 740
1987 ch 744, 1989 Ch 1165, 1990 chs 675, 1700, 1998 ch 760
Resversal should be granted on insufficient evidence also
the sentencing the court and Prosecution was illegally since
they use a prior sentence on conviction and no foresnic and
DNA was never brought into court just what the co-defendant
Stating to the prosecution. The Cunningham sentencing
law Bill of Right does go with this case. The reason
why because the court use a prior conviction. Fundamental
Rights Guilty Plea was unconstitutional because petitioner
was told to take the plea as part of a plea bargain
agreement that was unvolunatarily done. Marvel V
United States 380 U.S. 262, 85 S Ct 953, 13 L. ED 2d 960
(1965) And my lawyer did not represent me effectively
at trial and did not bring in evidence that was
favorable to my case. Defective of counsel is
a ground for habeas relief only if counsel

was constitutionally required and he was since
he never brought in ballistickevidence. Therefore,
the defective representation must have been at the
trial or in direct appeal because there is no constitution
al right to counsel in state post-conviction proceedings.
Coleman V Thompson 501 US 722, 754, 111 S ct 2546,
2567, 115 L. ED 2d 640 (1991) (citing Murray V Carrier
477 U.S. 478, 488, 106 S ct 2639, 91 L. ED 2d 397 (1986).
He was denied his 5th and 6th Amendments rights to counsel
because he had counsel and did nothing, and not knowing
waive his right to counsel during interrogation or discussion
with police officers. Miranda V Arizona 384 US 436, 86 S ct
1602, 16 L. ED 694 (1966) The jury instructions were unconstit-
utional because they did not tell the jury that the prosecution
must prove all crucial elements of guilt beyond a reasonable
doubt. See Reed V Ross 468 U.S 1, 35, 104 S ct 2901, 2903 82 L.ED
2d 1 (1984); Patterson V New York 432 U.S. 197, 215, 97 S.ct 2319, 2329
53 L. ED 2d 281 (1977); O'Neal V McAninch 115 S ct 992, 130 L.ED
2d 947 (1995). In O'Neal, the circuit court had used the
Supreme Court standard for jury instructions in a way
that violates the constitution" Estelle V McGuire 502 US.
62, 73 n 4, 112 S ct 475, 482 n 4 116 L. ED 2d 385 (1991)
The circuit court decided that the prosecution did not
need to prove intent, that the jury instructions along
with the prosecutor's remarks may have suggested
that the prosecution didn't need to prove intent
This suggestion would violate the 5th Amendment
due process clause because it would lighten

or by a fine not exceeding one hundred thousand dollars ($100,000) or both by such fine and imprisonment Leg B 1978 ch 699, 1979 ch 884, 1982 ch 1279. § 148.5 Falsely Reporting Crime when co-defendant falsely reported to the Prosecutor. (a) Every person who reports to any peace officer or Prosecuter listed in Section 830.1 or 830.2, or subdivison (a) of Section 830.33 district attorney, or deputy district attorney that a felony or misdemeanor has been committed, knowing the report to be false, is guilty of a misdemeanor. (b) Every person who reports to any other peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2 that a felony or misdemeanor has been committed, knowing the report to be false, is guilty of a misdemeanor if (1) the false information is given while the peace officer is engaged in the performance of his or her duties as a peace officer and (2) the person providing the false information knows or should have known that the person receiving the information is a peace officer. (c) Except as provided in subdivision (a) and (b) every person who reports to any employee who is assigned to accept reports from citizens, either directly or by telephone reports and is employed by a state or local agency which is designated in Section 830.31, 830.32, 830.33  830.34, 830.35, 830.36, 830.37 or 830.4 that a felony or misdemeanor has been committed knowing the report to be false, is guilty of a misdemeanor if (1) the false information is given while the employee is engaged in the performance of his or her duties as an agency employee and (2) the person providing the false information knows or should have known that

the prosecution's burden of proof. The Sixth Cir.
denied habeas relief however, because it was in "grave doubt"
as to whether the improper suggestion met the standard
of "substantial and injurious effect" establish by Brecht v
Abramson, 507 U.S. 619, 113 S ct 1710, 123 L. ED 2d 353 (1993)
(courts must find Substantial injury from the constit-
utional violations before granting habeas relief) The
Supreme Court reversed the cir. court and remanded for
grant habeas relief. The court held that when fed judge
in a habeas proceeding is in "grave doubt" about whether
trial error of federal constitutional law had the "substant-
ial and injurious effect" required by Brecht the court
should grant habeas petition (for more explanation of
Brecht, and O'neal read Part B-2 (C) below Strickland
V Washington 466 U.S. 688, 104 S ct 2052, 80 L. ED. 2d 674 (1984)
Brecht's "Substantial and injuries effect standard requires him
to show error was harmful that it would probably change the
outcome when a judge stated there was not enough to hold
the petitioner, 507 U.S at —, 113 S ct at 1716 Brecht, 507 US
at 627, 113 S ct at 1716 Before Brecht, the standard for
harmless error in habeas petition required that errors be
harmless beyond a reasonable doubt" See ArizoNa V Fulminante
499 U 5229, 111 S ct 1246, 113 L.ED 2d 302 (1991) The old
"beyond a reasonable doubt" standard was slightly easier
to overcome because he only had to show harmless error that
was harmful. In Agee v white 809 F2d 1487 (11th cir)(1987)
the petitioner sought habeas relief from a murder
conviction. The police had brought him to

the station twice, first under illegal arrest, and then a week
later voluntarily. In the second visit, the petitioner made
incriminating statements that were admitted as evidence.
At his trial and on appeal, the petitioner argued that the inform-
ation given in the second interrogation was "tainted" that is
made illegal, by the illegal arrest in the first interrogation.
The habeas court found that the petitioner had not had a fair
and full opportunity" to present the illegal evidence claim
because the appellate court ignored his argument. Id at
1490(When the habeas court considered the petitioner
argument however, the court decided that the second interrogation
was not illegal because it occured a week after the first illegal
arrest and was itself voluntary.). In Riley V Gray 674 F 2d 522
(6th cir 1982) cert denied sub nom, Shoemaker V Riley 459 U.S.
948, 103 S ct 266, 74 L. ED 2d 207 (1982) the petitioner raised
illegally seized evidence claim on appeal. In this case evidence
had been taken under a warrant which was based on other
evidence obtained from a warrantless search. The appellate
court affirmed the conviction on the basis of a procedural
rule without considering the facts of illegal evidence claim.
The sixth cir granted habeas relief based on the same claim
because the petitioner was not allowed to fully present his
claim because of an "unforeseeable application of procedural
Rule." Id at 527 Miranda V Arizona 384 U.S. 436, 86 S ct
1602, 16 L. ED 2d 694(1967). The new bill affecting habeas
rights, S 735 would change the exhaustion requirements
if it becomes law. The bill says that a federal
court can deny your petition on merits even if you

haven't exhausted state court remedies. Also a fed. court
cannot assume that the state court has waived its
exhaustion requirement unless the court expressly says so.
This means that the federal court can deny your claim
without sending you back to state court, where you might
have better luck. But the fed. court cannot grant your
claim unless the state court has expressly waived its
right to hear your claim first. Id§ 704 Daye 696 F 2d at
194 Brady v Maryland 373 US 83, 83 S ct 1194, 10 L. E D 2d
215 C/963)(prosecutors must reveal evidence to defense if
there is a reasonable probability that the result of the
trial would be different if the evidence is known? Should
be granted that the petitioner did not know his
attorney failed to Appeal and never told to do habeas.
So now the petitioner is doing a writ for relief and
should be granted that co-defendant made the false
statement to prosecutors and knowingly he was lying
just to get a lighter sentence. Coleman 501 us at 749, 111
S ct at 2564; Reed v Ross 468 U.S. 1, 11, 104 S ct 2901, 2908
82 L.E D 2d 1 C/984) Engle v Isaac, 456 us 107, 129, 102
S Ct 1558, 1572-73, 71 L. E D 2 783 (1982); Wainwright v
Sykes 433 U.S. 72, 87, 97 S ct 2497, 2506, 53 L. E D 594
C/977). Claims that there are important facts which
were not fully developed in trial court if petitioner
failed the facts of neglect claims rely on evidence which
could have been reasonable available 456 us 152
102 S ct 1584, 71 L. E D 2d 816 (/982) Frady 456
at 170. 102 S ct at 1596 (emphasis omitted).

Keeny V Tamayo - Reyes 504 US. 1, 6, 112 5 ct 1715, 1718, 118
L. E D 2d 318 (1982) This has made a burden on petitioners
heavier than previous rule, which required an evidentiary
hearing for undeveloped material facts unless the
defendant had deliberately by passed the state procedure.
Townsand V Sedain 372 US. 293, 313 8 S ct 745, 757, 9 L.ED
2d 770 C/963). Under the decision in Townsend V Sain
372 US 293, 83 S ct 745, 9 L.ED 2d 770 C/963) the court
must grant a hearing if (1) merits of the factual dispute
were not resolved in the state trial or hearing (2) the
state factual determination was not fairly supported
in the record as a whole (3) the state fact finding
procedures did not provide you a full and fair trial hearing
(4) there is substantial allegation of newly discovered
evidence; (5) material facts were not adequately developed
at the state court hearing and (6) for any reason it
appears that the state + tier of fact did not afford
you a full and fair hearing. Townsend 372 US at 313, 83
S c+ at 757. A Full and fair hearing means you had a
chance to present evidence, to cross-examine witness, to
hear the evidence against him and to contradict that
evidence if he can, and that he did all these things before
im partial judge. ( Black's Law Dictionary 6th ed. C/991/7)
In a important recent decision Keeney V Tamayo-Reyes
504 US 1, 112 S c+ 1715 118 L.ED 2d 318 C/992), the Supreme
court change the law concerning when he can get
a hearing on the ground that material facts about this
claim were not developed at a state court post-conviction

hearing. Formerly, he was entitled to a hearing on grounds provided he and his attorney did not "deliberately by pass" the opportunity to develope the facts in state court. Now petitioner must show "cause" (and "prejudice") for why he did not develope facts in state court. "Cause and prejudice" have the same meanings in this context as they do in the procedural default area described in Section B-3(C) with on important difference: "Cause" does not include constitutionally assistance of counsel in state post-conviction hearing. See also *Coleman V Thompson* 501 US 722 111 S Ct 2546-2566, 115 L. E D 2d 640 (1991) *Townsend* 372 US at 312, 83 S. Ct at 757. Id In a hearing the federal court must presume that the facts found by state court are correct, except in the circumstances specified in 28 U.S. C. § 2554 (d). To overcome this presumption he must show by "convincing evidence" that the state courts fact finding was wrong. Id The circumstance under which a federal court will not presume the court is correct are as follows: (1) the state court hearing did not resolve the merits of the factual disputes which means that the state court decided the case based on some procedural rule rather than deciding which party was right about the facts. (2) the state fact-finding procedure did not afford him "a full and fair hearing," which means that either he weren't allowed to present evidence or cross-examine witnesses, or hear the arguments against him or that the judge or jury was not impartial. (3) the state court did not adequately develope material facts which means

the state court didn't hear all the facts that were necessary to decide the case; (4) the state court lacked jurisdiction of subject matter of person, which means it wasn't the right court for his claim (however this rarely occurs in a habeas petitions regarding criminal convictions). (5) he is indigent and the state court failed to appoint counsel; (6) he did not receive a full, fair, and adequate hearing in the state court proceeding. (7) he was denied due process of the state court proceeding (8) the Federal court on consideration of the whole record decide that the record did not support the state factual finding 28 U.S.C.A. § 2254 (d) (West 1994) Once the court decide in the petitioner favor it may order release a new trial or resentencing. If the district court judge grants his request for certificate of probable cause the district court will send a notice of appeal the record of the district court proceedings and the certificate of the district court will send to Circuit court of Appeals. Hill v United States 368 US 424, 427, 82 S Ct 468, 470, 7 L. ED 2d 417 (1962) Hill 368 US at 426-27, 82 S. Ct at 470 See also 28 USC §2255 (West (1994) Part B-1(a) above, provides a list of some possible constitutional violations that may raise in § 2255 motion as well as in a habeas corpus petition under 28 USC § 2254. Rule 184 Disciplinary Proceedings against Attorneys' (a) Discipline. In the event any attorney subject to those and these Rules engages in conduct which may warrant discipline or other Sanctions, any Judge or Magistrate Judge may initate proceedings for contempt under 18 USC § 401

or Fed R Crim P 42 or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney. In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any court before which the attorney has been admitted to practice. (b) Status Suspension or Disbarment. When it appears to the Court that any member of its Bar or any attorney or disbarred from practice or convicted of a felony in any other court or has resigned from the Bar of any other court while warrant, investigation or proceedings for Suspension or disbarment were pending, or has been guilty of conduct unbecoming a member of the Bar of the Court, or has violated the Rules of Professional Conduct of the State Bar of California will be subject to suspension or disbarment by this court. Upon notice mailed to the attorney's last known address the attorney shall be offered an opportunity to show cause with thirty (30) days why the attorney should not be suspended or disbarred from practice in this court. Upon response to the order to show cause, and after hearing if requested, or upon expiration of the thirty (30) days, if no reponse is made the court shall enter an appropriate order. See LR 136. The defendant would have obtain a more favorable result had the instruction be given (Cal Const Art. VI§ 13; People v Watson (1956) 46 Cal. 2d 818, 836 ). (See People V Bainc (1971) 5 Cal. 3d 839, 852; People v Babbit (1988) 45 Cal. 3d 669, 689; In re Martin (1987) 44 Cal. 3d 1, 51; People v Wagner (1975) 13 Cal. 3d 612, 621 ). Reversal is

FILED

JAN 8 1 2008

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

TEH

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

Darrel Myers                    Plaintiff,

vs.

Rich Subia et al.

                    Defendant.

Warden

CV 08    0758

CASE NO.

**PRISONER'S
APPLICATION TO PROCEED
IN FORMA PAUPERIS**

(PR)

I, _Darrel L Myers_, declare, under penalty of perjury that I am the plaintiff in the above entitled case and that the information I offer throughout this application is true and correct. I offer this application in support of my request to proceed without being required to prepay the full amount of fees, costs or give security. I state that because of my poverty I am unable to pay the costs of this action or give security, and that I believe that I am entitled to relief.

In support of this application, I provide the following information:

1.   Are you presently employed? Yes __ No __

If your answer is "yes," state both your gross and net salary or wages per month, and give the name and address of your employer:

Gross: _____ Net: _____

Employer: _____

_____

1    If the answer is "no," state the date of last employment and the amount of the gross and net

2    salary and wages per month which you received.  (If you are imprisoned, specify the last

3    place of employment prior to imprisonment.)

4    _P I A   Sewing_____

5    _____

6    _____

7    2.    Have you received, within the past twelve (12) months, any money from any of the

8    following sources:

9        a.    Business, Profession or          Yes _✓_ No _._

10          self employment

11       b.    Income from stocks, bonds,       Yes ____ No _✓_

12          or royalties?

13       c.    Rent payments?                   Yes ____ No _✓_

14       d.    Pensions, annuities, or          Yes _._ No _✓_

15          life insurance payments?

16       e.    Federal or State welfare payments,    Yes ____ No _✓_

17          Social Security or other govern-

18          ment source?

19   If the answer is "yes" to any of the above, describe each source of money and state the amount

20   received from each.

21   _P I A_____

22   _____

23   3.    Are you married?                     Yes ____ No ____

24   Spouse's Full Name: _____

25   Spouse's Place of Employment: _____

26   Spouse's Monthly Salary, Wages or Income:

27   Gross $_____ Net $_____

28   4.    a.    List amount you contribute to your spouse's support:$ _____

PRIS. APP. TO PROC. IN FORMA PAUPERIS, Case No._____ - 2 -

1    b.    List the persons other than your spouse who are dependent upon you for
2        support and indicate how much you contribute toward their support. (NOTE:
3        For minor children, list only their initials and ages. DO NOT INCLUDE
4        THEIR NAMES.).
5    _____ N/A _____
6    _____
7    5.    Do you own or are you buying a home?        Yes ___ No ✓
8    Estimated Market Value: $___ 0 ___ Amount of Mortgage: $ 0
9    6.    Do you own an automobile?            Yes ___ No ✓
10   Make ___ 0 ___ Year ___ 0 ___ Model ___ 0 ___
11   Is it financed? Yes _____ No ____ If so, Total due: $ _____
12   Monthly Payment: $ ___ 0 ___
13   7.    Do you have a bank account? Yes ___ No ✓ (Do not include account numbers.)
14   Name(s) and address(es) of bank: _____
15   _____
16   Present balance(s): $ ___ 0 _____
17   Do you own any cash? Yes ___ No ___ Amount: $ _____
18   Do you have any other assets? (If "yes," provide a description of each asset and its estimated
19   market value.) Yes ___ No ✓
20   _____
21   8.    What are your monthly expenses?
22   Rent: $ ___ 0 _____ Utilities: 0
23   Food: $ ___ 0 _____ Clothing: ___ 0 ___
24   Charge Accounts:
25       Name of Account        Monthly Payment        Total Owed on this Account
26   _____    $ _____    $ _____
27   _____ N/A _____    $ _____ N/A _____    $ _____ N/A _____
28   _____    $ _____    $ _____

1 | 9.    Do you have any other debts? (List current obligations, indicating amounts and to

2 | whom they are payable.  Do not include account numbers.)

3 | _____

4 | _____

5 |

6 | 10.    Does the complaint which you are seeking to file raise claims that have been presented

7 | in other lawsuits?    Yes _____  No _____.

8 | Please list the case name(s) and number(s) of the prior lawsuit(s), and the name of the court in

9 | which they were filed.

10 | _____

11 | _____

12 |        I consent to prison officials withdrawing from my trust account and paying to the court

13 | the initial partial filing fee and all installment payments required by the court.

14 |        I declare under the penalty of perjury that the foregoing is true and correct and

15 | understand that a false statement herein may result in the dismissal of my claims.

16 |

17 | _1-10-07_                    _____
      DATE                          SIGNATURE OF APPLICANT

18 |

19 |

20 |                                  **Case Number:** _____

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

- 4 -

R E C E I V E D
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

1          **CERTIFICATE OF FUNDS**
                                    FILED_____          JAN 1 4 2008
2                        **IN**          DOCKETED_____
3              **PRISONER'S ACCOUNT**                    DATE          INITIAL
4

5          I certify that attached hereto is a true and correct copy of the prisoner's trust account

6    statement showing transactions of _Darrel L Myers_____ for the last six months

7    at _Mule Creek State Prison_

8                              [prisoner name]

9    _MCSP. PO Box 409020_ where (s)he is confined.

10              [name of institution]

11          I further certify that the average deposits each month to this prisoner's account for the

12   most recent 6-month period were $_75.73_ and the average balance in the prisoner's

13   account each month for the most recent 6-month period was $_85.69_.

14

15   Dated: _1.7.08_                      _Christellefoul_

16                              [Authorized officer of the institution]

17

18

19

20

21

22

23

24

25

26

27

28

```
REPORT ID: TS3030  .701                              REPORT DATE: 01/07/08
                                                     PAGE NO:        1
                        CALIFORNIA DEPARTMENT OF CORRECTIONS
                            MULE CREEK STATE PRISON
                        INMATE TRUST ACCOUNTING SYSTEM
                        INMATE TRUST ACCOUNT STATEMENT

              FOR THE PERIOD: JUN. 01, 2007 THRU JAN. 07, 2008

  ACCOUNT NUMBER : J82192                BED/CELL NUMBER: A 0200000000137L
  ACCOUNT NAME   : MYERS, DARREL LEROY        ACCOUNT TYPE: I
  PRIVILEGE GROUP: A
                            TRUST ACCOUNT ACTIVITY
         TRAN
  DATE   CODE  DESCRIPTION    COMMENT   CHECK NUM  DEPOSITS  WITHDRAWALS  BALANCE
  -----  ----  -----------    -------   ---------  --------  -----------  -------

  06/01/2007   BEGINNING BALANCE                                          59.76

  06/04  D550  INMATE PAYROL PIAMAY4432            92.14                  151.90
  06/15  W810  CANCELLED CHE 3109    4620                      13.95-     165.85
  07/03  D550  INMATE PAYROL JUNE     36           54.27                  220.12
  07/23  FC01  DRAW-FAC 1    A/3RD   275                      125.00       95.12
  08/03  D550  INMATE PAYROL JULY   0425           51.19                  146.31
  08/20  FR01  CANTEEN RETUR 700641                             3.55-     149.86
  08/20  FC01  DRAW-FAC 1    3/AYD  0652                        63.00      86.86
  09/05  D550  INMATE PAYROL AUG    0807           70.36                  157.22
  09/12  W512  LEGAL POSTAGE 0909   0942                         1.99     155.23
  09/17  W512  LEGAL POSTAGE 0916   1004                         0.97     154.26
  09/24  FR01  CANTEEN RETUR 701081                             5.55-     159.81
  09/24  FC01  DRAW-FAC 1    3/AYD  1100                        56.00     103.81
  10/03  D550  INMATE PAYROL SEPT   1213           57.04                  160.85
  10/10  W512  LEGAL POSTAGE 1008   1309                         1.14     159.71
  10/17  W512  LEGAL POSTAGE LPOST  1393                         0.97     158.74
  10/22  FC01  DRAW-FAC 1    A/3RD  1475                        56.00     102.74
  10/30 *W512  LEGAL POSTAGE 1029   1577                         1.48     101.26
  11/05  D550  INMATE PAYROL OCT    1659           50.86                  152.12
  11/14  W512  LEGAL POSTAGE 1112   1817                         0.97     151.15
  11/14  FC01  DRAW-FAC 1    AYD/3  1823                        47.00     104.15
  12/04  D550  INMATE PAYROL NOV    2052           38.51                  142.66
  12/06  W512  LEGAL POSTAGE 1204   2111                         2.50     140.16
  12/20  FR01  CANTEEN RETUR 702287                             3.20-     143.36
  12/20 *FC01  DRAW-FAC 1    3/AYD  2300                        52.00      91.36
         ACTIVITY FOR 2008
  01/07  D550  INMATE PAYROL DEC    2442           39.97                  131.33

                           TRUST ACCOUNT SUMMARY

  BEGINNING      TOTAL         TOTAL       CURRENT       HOLDS       TRANSACTIONS
   BALANCE      DEPOSITS     WITHDRAWALS   BALANCE      BALANCE      TO BE POSTED
  ---------    ---------    -----------   ---------    ---------    ------------
     59.76       454.34        382.77       131.33        0.00           0.00
```

THE WITHIN INSTRUMENT IS A CORRECT
COPY OF THE TRUST ACCOUNT MAINTAINED
BY THIS OFFICE.
ATTEST: 1.7.0%
CALIFORNIA DEPARTMENT OF CORRECTIONS
BY
   TRUST OFFICE

```
                                                    CURRENT
                                                   AVAILABLE
                                                    BALANCE
                                                  -----------
                                                     131.33
                                                  -----------
```